IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

MICHAEL BURBRIDGE                          PLAINTIFF
9309 Gutenberg Rd.
Louisville, Kentucky 40291

                                           Case No. 3:21-CV-92-DJH

                                           Judge

v.

REPUBLIC FINANCE, LLC                         DEFENDANTS
7031 Commerce Circle, Ste. 100
Baton Rouge, Louisiana 70809

       SERVE:     Capitol Corporate Services, Inc.
                           828 Lane Allen Road, Ste. 219
                           Lexington, Kentucky 40504
                           (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:     CSC-Lawyers Incorporating Service Co.
                           421 W. Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

                                 ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Michael Burbridge, and for his Verified Complaint against the Defendants, Republic Finance, LLC ("Republic") and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Defendants' failure to investigate Plaintiff's disputes regarding a Republic tradeline incorrectly reporting a late status on a paid an closed Republic account, and Defendants' failure to amend Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Michael Burbridge, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 9309 Gutenberg Road, Louisville, Kentucky 40291.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Republic, is a Louisiana limited liability company doing business in the Commonwealth of Kentucky with its principal place of business located at 7031 Commerce Circle, Ste. 100, Baton Rouge, Louisiana 70809.

5. Republic is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

13. In or around August 2020, Plaintiff accessed his Equifax credit report and discovered a paid, closed, zero balance Republic tradeline reporting as currently past due.

14. Immediately upon discovery of the Republic tradeline, Plaintiff disputed the tradeline with Equifax and requested that Equifax delete and/or amend the Republic tradeline.

15. Plaintiff received the results of his Equifax dispute in October 2020. Those results indicated that Republic and Equifax verified the inaccurate and derogatory Republic tradeline. Republic and Equifax failed to investigate the tradeline and failed to delete or amend the subject tradeline.

16. Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Defendants' failure to properly investigate Plaintiff's dispute and to delete or amend its reporting of the subject tradeline. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

**Negligent Violation of the Fair Credit Reporting Act – Republic**

17. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18. Republic's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of the alleged current late status of the Republic account are violations

of Republic's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

19. Republic's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Republic is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

20. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Republic

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Republic's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's the alleged current late status of the Republic account, despite Republic's knowledge of the falsity of its reporting, are willful violations of Republic's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

26. Given Republic's knowledge of the falsity of its reporting, Republic's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Republic is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act - Equifax**

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

30. Equifax's violations of the FCRA amount to willful non-compliance with the

5

FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael Burbridge, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Michael Burbridge, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Michael Burbridge

STATE OF KENTUCKY        )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Michael Burbridge this 21 day of January, 2021.

_____
Notary Public

Commission expires: 9/1/21

```
COREY M. GREENAWAY
Notary Public-State at Large
KENTUCKY - Notary ID # 586176
My Commission Expires 09-01-2021
```